UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONTGOMERY E. WALKER,

        Plaintiff,

       v.                                Case No. 24-cv-0736-bhl

CHARLES M. BAYNTON,
JOSEPH A. MCLEAN, and
DAVID CARINAL,

        Defendants.

## SCREENING ORDER

Plaintiff Montgomery E. Walker, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on August 30, 2024, and after concluding the complaint failed to state a claim upon which relief could be granted, gave Walker the opportunity to file an amended complaint. Walker filed an amended complaint on October 22, 2024. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Walker alleges that from April 2012 until early May 2015, Defendant Dr. Charles Baynton failed to address Walker's severe hip pain, which was caused by his legs being different lengths. Walker also alleges that on February 11, 2020, Defendant Sergeant David Carinal discarded Walker's medical shoes when he misapplied policy. Finally, Walker alleges that from March 2020 through early February 2021, Defendant Dr. Joseph McLean refused to address Walker's complaints of pain and requests for corrective footwear. Walker explains that he continues to experience pain in his hip. Dkt. No. 16.

## THE COURT'S ANALYSIS

"An action under 42 U.S.C. § 1983 must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose." *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citations omitted). As the Court noted in the original screening order, prior to April 5, 2018, the limitations period in Wisconsin was six years. Effective April 5, 2018, the applicable statute of limitations was reduced to three years. *See id.* (citing Wis. Stat. §893.53). Walker brought this action on June 12, 2024. Dkt. No. 1. Accordingly, any claim that accrued

more than three years before Walker brought his action (*i.e.*, before June 12, 2021) is barred by the applicable statute of limitations.

The Court informed Walker in the original screening order that, in addition to failing to state a claim against Dr. Baynton, Sgt. Carinal, and Dr. McLean, any claims asserted against them appeared to be barred by the applicable statute of limitations because claims based on their alleged misconduct occurred prior to June 12, 2021. Walker argues that his claims against Defendants are not time-barred because he continues to suffer hip pain as a result of their alleged misconduct. He states that his ongoing injury means that "everyday that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." Dkt. No. 16 at 3.

Walker confuses allegations of a continuing violation with allegations of a continuing injury. *See Turley v. Rednour*, 729 F.3d 645, 654 (7th Cir. 2013) (concurring opinion). While it is true that a defendant's ongoing inaction may be treated as a continuing violation for purposes of determining when a claim accrues, that principle applies only as long as a particular defendant has the opportunity to do something in response to a prisoner's complaints. When a defendant has the opportunity to respond but does not, every day of inaction offends the Constitution. But recall that to be liable under §1983, a defendant must be personally involved in the deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

According to Walker, Dr. Baynton ceased to be his primary care provider in May 2015, and Dr. McLean ceased to be his primary care provider in February 2021. Neither Defendant was personally involved in Walker's medical care after Walker was assigned to a new provider. Because there is no vicarious liability under §1983, Dr. Baynton and Dr. McLean are not liable for actions or inaction by the providers assigned to Walker after he was no longer in their care.

3

Therefore, any claim against Dr. Baynton and Dr. McLean based on their alleged deliberate indifference to his hip pain, accrued at the latest in May 2015 and February 2021, respectively, when each ceased to be his primary care provider. Walker's claims against them, which he brought on June 12, 2024, are therefore barred by the applicable limitations period (six and three years, respectively). Similarly, Walker's claim against Sgt. Carinal based on a discrete act that occurred in February 2020 is time-barred even though the alleged act (*i.e.,* disposing of Walker's medical shoes) may have caused harm (*i.e.,* pain) that lingered beyond the completion of the act. *See Turley*, 729 F.3d at 654 (concurring opinion).

As the Supreme Court has explained, "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007). Because Walker's amended complaint shows that his claims are barred by the applicable statute of limitations, the Court will dismiss his complaint for failure to state a claim.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

Case 2:24-cv-00736-BHL   Filed 11/04/24   Page 4 of 5   Document 17

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.